UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMES LEE JUSTICE,

                Petitioner,              Case No. 1:16-cv-128

v.                                   Honorable Janet T. Neff

SHANE JACKSON,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.

§ 2254.  Petitioner is serving a term of 99 months to twenty years, imposed by the Van

Buren County Circuit Court on March 19, 2012, after Petitioner pleaded guilty to four

counts of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2).  In his *pro se*

petition, Petitioner raises eight grounds for relief, as follows:

      I.      [PETITIONER] ENTERED INTO A PLEA AGREEMENT WHICH
INCLUDED A PROSECUTOR'S SENTENCING
RECOMMENDATION OF THE GUIDELINES "MINIMUM"
SENTENCE WHICH WAS BELIEVED TO BE 99 MONTHS AT
THE TIME OF THE PLEA TAKING.  THE TRIAL COURT
ERRED WHEN IT FAILED TO INFORM [PETITIONER] THAT
IF IT WAS NOT GOING TO FOLLOW THE SENTENCING
AGREEMENT, THAT HE WOULD HAVE THE OPPORTUNITY
TO WITHDRAW HIS GUILTY PLEAS.  THE "MINIMUM"
GUIDELINES TURNED OUT TO BE 78 MONTHS.  THE TRIAL
COURT ERRED WHEN IT SENTENCED [PETITIONER] TO 99
MONTHS MINIMUM WITHOUT FIRST GIVING HIM AN
OPPORTUNITY TO WITHDRAW HIS PLEA.

II.   PETITIONER WAS DENIED HIS FUNDAMENTAL DUE PROCESS PROTECTIONS AS GUARANTEED UNDER BOTH STATE AND FEDERAL CONSTITUTIONS, WHEN THE TRIAL COURT ARRAIGNED PETITIONER WITHOUT FIRST HAVING ACQUIRED SUBJECT-MATTER JURISDICTION OVER PETITIONER, CREATING A JURISDICTIONAL DEFECT, THAT VOIDS PETITIONER'S CONVICTIONS.

III.  PETITIONER WAS DENIED A FAIR TRIAL AS GUARANTEED UNDER BOTH FEDERAL AND STATE CONSTITUTIONS WHEN THE TRIAL COURT FAILED TO CONTROL PETITIONER'S CRIMINAL PROCEEDINGS BY ALLOWING A MENTALLY ILL DEFENDANT TO ENGAGE IN PLEA PROCEEDINGS WITHOUT FIRST ASCERTAINING HIS COMPETENCY.

IV.   PETITIONER WAS DENIED HIS FUNDAMENTAL DUE PROCESS RIGHTS AS GUARANTEED UNDER BOTH FEDERAL AND STATE CONSTITUTIONS WHEN THE TRIAL COURT DENIED PETITIONER HIS RIGHT TO BE SENTENCED AND RESTITUTION TO BE IMPOSED UNDER ACCURATE INFORMATION; ESPECIALLY WHERE PETITIONER'S REQUEST TO WITHDRAW HIS PLEA WAS DENIED BY THE TRIAL COURT.

V.    PETITIONER WAS DENIED HIS FUNDAMENTAL DUE PROCESS PROTECTIONS AS GUARANTEED UNDER BOTH FEDERAL AND STATE CONSTITUTIONS, WHEN THE TRIAL COURT ENGAGED IN CONDUCT THAT VIOLATED PETITIONER'S CONSTITUTIONAL RIGHT TO AN IMPARTIAL AND UNBIASED DECISION MAKER, AND WHICH GRIEVOUS ERROR RESULTED IN STRUCTURAL ERROR.

VI.   PETITIONER WAS DENIED A FAIR TRIAL AS GUARANTEED UNDER BOTH FEDERAL AND STATE CONSTITUTIONS WHEN THE PROSECUTION FAILED TO PROTECT HIS CONSTITUTIONAL RIGHTS AS REQUIRED BY LAW.

VII.  PETITIONER WAS DENIED HIS FUNDAMENTAL DUE PROCESS PROTECTIONS AS GUARANTEED UNDER BOTH FEDERAL AND STATE CONSTITUTIONS, WHEN DEFENSE COUNSEL ABANDONED PETITIONER IN HIS

REPRESENTATION AS ENUMERATED HEREIN, THE RESULT OF WHICH IS STRUCTURAL ERROR.

VIII. PETITIONER WAS DENIED HIS FUNDAMENTAL RIGHTS TO DUE PROCESS AS GUARANTEED UNDER BOTH FEDERAL AND STATE CONSTITUTIONS, WHEN APPELLATE COUNSEL FAILED TO MASTER THE LOWER COURT RECORD AND RAISE THE MERITORIOUS "DEAD BANG WINNER" ISSUES ON PETITIONER'S RIGHT OF APPEAL.

(Pet. Br., ECF No. 1-1, PageID.17-18.) Respondent has filed an answer to the petition (ECF No. 5), stating that the grounds should be denied because they either are noncognizable state law claims or they have no merit. Upon review and applying the AEDPA standards, I recommend that the petition be denied.

## Procedural History

### A.    Trial Court Proceedings

During the fall of 2011, Petitioner unlawfully entered and took items from approximately twenty residences in Van Buren County, Michigan. He committed these acts to support his methamphetamine habit. Petitioner was subsequently charged with four counts of first-degree home invasion, MICH. COMP. LAWS. § 750.110a(2) and three counts of felony firearm, MICH. COMP. LAWS § 750.227b(A). Following a preliminary examination on September 19, 2011, Petitioner was bound over for trial on the charges.

On January 31, 2012, Petitioner pleaded guilty to the four counts of first-degree home invasion. (Plea Tr. 6-12, ECF No. 6-2, PageID.267-273.) In exchange for the plea, the prosecutor dismissed the three charges of felony firearm. (*Id* at 2-3, PageID.263-264.) The parties also reached a sentencing agreement that was discussed on the

record. For the factual basis of his plea, Petitioner admitted to entering four residences, without permission, in Van Buren County, in order to take and keep items from the residences. He further admitted that at three of the residences he took a shotgun and two pistols, and at one residence he intended to take items from the home, but left when he realized there was another person in the residence. (*Id* at 6-12, PageID.267-273.) Petitioner stated that he fully understood the plea agreement and the rights he was waiving by pleading guilty, and that he was pleading guilty of his own free will. (*Id* at 3-5, PageID.264-266.)

At the sentencing hearing held on March 19, 2012, neither party had any additions or corrections to the pre-sentence report. (Sentencing Tr. 2, ECF No. 3, PageID.278.) The sentencing court found that the recommendations contained in the pre-sentence report were appropriate, and sentenced Petitioner to four concurrent terms of imprisonment lasting 99 months to twenty years. (*Id* at 5-7, PageID.281-283.)

### B. Direct Appeal

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. His brief, which was filed by counsel on September 18, 2012, raised the same issue as contained in the first ground of this habeas petition. (See Def.-Appellant's Br. on Appeal 2, ECF No. 6-7, PageID.336.) On August 14, 2013, the Michigan Court of Appeals denied Petitioner's application for leave to appeal for lack of merit in the grounds presented. (*See* 8/14/13 Mich. Ct. App. Order, ECF 6-7, PageID.333.)

Petitioner subsequently filed an application for leave to appeal to the Michigan Supreme Court. Petitioner raised the same issue raised before and rejected by the Michigan Court of Appeals. By order entered December 23, 2013, the Michigan Supreme Court denied his application for leave to appeal because it was not persuaded that the questions presented should be reviewed. (*See* 12/23/13 Mich. Order, ECF No. 6-8, PageID.368.)

### C.    Post-conviction relief

Petitioner returned to the Van Buren County Circuit Court by filing a motion for relief from judgment under MICH. CT. R. 6.500 on July 1, 2014. (Mot. for Relief from J., ECF No. 1-2, PageID.49-61). In his motion, Petitioner raised the same seven issues as grounds II through VIII of his habeas petition. (*See id.*) The circuit court rejected Petitioner's issues for lack of merit. (*See* 8/28/2014 Op. & Order, ECF No. 6-6, PageID.325-332.)

Petitioner filed applications for leave to appeal the denial of his motion in the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave by orders dated February 10, 2015, (ECF No. 6-9, PageID.416) and December 22, 2015 (ECF No. 6-10, PageID.563), respectively, finding Petitioner had failed to meet his burden of establishing entitlement to relief under MICH CT. R. 6.508(D). Petitioner filed the instant petition on February 5, 2016. (ECF No. 1.)

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S.

782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it

would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at \*3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not

irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

## Discussion

### I. Withdrawal of Petitioner's Guilty Plea

Petitioner contends he should have been allowed to withdraw his guilty plea for two reasons: first, he alleges the trial court failed to follow Michigan Court Rule 6.302 when it did not inform him that he could withdraw his plea because it was not following the sentencing agreement; and second, Petitioner argues that he was denied his due process rights when the trial court did not honor the plea agreement. Petitioner's first contention is not cognizable on federal habeas review. His second argument has been procedurally defaulted but is also without merit.

### A.    Michigan Court Rule 6.302

Petitioner's argument that the trial court judge failed to comply with provisions of Michigan Court Rule 6.302 is non-cognizable on federal habeas review. A habeas court is restricted to federal principles and may not grant habeas relief on the basis of state law governing the taking or withdrawal of guilty pleas. *See Riggins v. McMackin*, 935 F.2d 790, 794-95 (6th Cir. 1991); *see also Watkins v. Lafler*, 517 F. App'x 488, 500 (6th Cir. 2013); *Sweet v. Howes*, No. 1:11-cv-861, 2016 WL 4445370, at *10 (W.D. Mich. Aug. 24, 2016). The extraordinary remedy of habeas corpus lies only for a violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, to the extent Petitioner argues he should be allowed to withdraw his plea because of this alleged error, he cannot succeed. A state defendant has no constitutionally guaranteed right to withdraw a guilty plea. *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989). The only constitutional challenge that a habeas court may entertain with regard to a plea of guilty is that the plea was not entered in a knowing and voluntary fashion under the standards set forth in

*Boykin v. Alabama*, 395 U.S. 238 (1969). Consequently, the question whether Petitioner should have been allowed in the court's discretion to withdraw his guilty plea under state-court rules is not reviewable in habeas corpus. Accordingly, the sole issue before this Court is whether Petitioner's guilty plea complied with the federal constitution's due process guarantee.

### B. Petitioner's Voluntary Plea

Respondent argues that to the extent Petitioner raises a federal claim in this ground for habeas relief, it is not exhausted. The Court agrees. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. It is plain that Petitioner did not raise, much less exhaust, this claim in the state courts.

Failure to exhaust is only a barrier to federal habeas relief, however, if there is a state court remedy available for Petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If no further state remedy is available to the Petitioner, exhaustion is no longer required, but the claim is procedurally defaulted and the federal court must determine whether cause and prejudice exists to excuse the failure to present the claim in state court. *Id.* Under Michigan law, effective August 1, 1995, a defendant may file one motion for relief from judgment under Michigan Court Rule 6.500. *See* MICH. CT. R. 6.502(G)(1). Petitioner already has filed his one allotted motion. Accordingly, he has no available remedy, and the analysis shifts from failure to exhaust state court remedies to procedural default.

"If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention – whether in trial, appellate, or habeas proceedings, as state law may require – procedural default will bar federal review." *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788, 2801 (2010). Nevertheless, the U.S. Supreme Court has held that federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits. *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."), and *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997) (deciding against the petitioner on the merits even though the

claim was procedurally defaulted)).  *See also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").  Where, as here, the procedural default issue raises more questions than the case on the merits, the Court may assume without deciding that there was no procedural default or that Petitioner could show cause and prejudice for that default.  *See Hudson*, 351 F.3d at 215-16; *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999).

On a review of the merits, Petitioner cannot succeed as he fails to demonstrate that his plea was invalid.  In order to find a guilty plea constitutionally valid, several requirements must be met. The defendant pleading guilty must be competent, *see Brady v. United States*, 397 U.S. 742, 756 (1970), and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941).  The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of his mental state – induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel.  *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void.").  The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful

that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Tollett v. Henderson*, 411 U.S. 258, 267-68 (1973); *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel will render a plea of guilty involuntary. *See Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

When a state defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993); *see also McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (citing *Garcia*, 991 F.3d at 326). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see also Parke v. Raley*, 506 U.S. 20, 29 (1992) (holding that the factual findings of

voluntariness made by the state court are entitled to a presumption of correctness); *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) (a solemn plea of guilty presents a "formidable barrier" to a subsequent claim to the contrary).

The state has provided a copy of the plea and sentencing proceedings. Consideration of the totality of the circumstances reveals that Petitioner's plea was entered into voluntarily. During the course of the proceedings, the parties introduced the terms of the plea agreement. The prosecution also provided a sentencing recommendation that was described on the record between the prosecution (Mr. Kaps), Petitioner, and his counsel (Mr. Stewart), as follows:

> MR. KAPS: And, finally, I believe that the sentencing guidelines the best that we can determine would be a minimum – minimum minimum of 99 months?
>
> MR. STEWART: Correct.
>
> MR. KAPS: And the People would recommend that the sentence – the minimum sentence not exceed 99 months.
>
> THE COURT: And Attorney Stewart, is that a full statement of the agreement?
>
> MR. STEWART: That is a full statement of the agreement.
>
> THE COURT: Okay. And, Mr. Justice, do you understand this agreement?
>
> DEFENDANT: Yes, your honor.

(Plea Tr. 3, ECF No. 6-2, PageID.264.)

As it turned out, the sentencing guidelines minimum sentence was 78 months. (Sentencing Tr. 4, ECF No. 6-3, PageID.280.) But that does not compel a different

result in this case. As the trial court stated in rejecting this claim: "Here although mention was made of an estimated guideline range at the plea proceeding, the plea agreement clearly called for a minimum sentence not to exceed 99 months. Defendant received that sentence and was not, therefore, entitled to withdraw from the plea agreement." (*See* 8/28/2014 Op. & Order 5, ECF No. 6-6, PageID.329.) These findings are entitled to deference under AEDPA. 28 U.S.C. § 2254(d). The trial court's conclusion on this matter was eminently reasonable as Petitioner received exactly what he bargained for: a sentence agreement of a minimum of 99 months. Petitioner's counsel, in fact, acknowledged as much. (Sentencing Tr. 4, ECF No. 6-3, PageID.280.)

Lastly, the Court notes that Petitioner is not entitled to relief on a claim that the government breached a sentencing agreement. The Sixth Circuit has recognized that a state prosecutor's breach of a plea bargain is a violation of the federal constitution cognizable on habeas review. *Dixon v. Alexander*, 741 F.2d 121, 123 (6th Cir. 1984). The government may not openly breach a plea agreement. *See Mabry v. Johnson*, 467 U.S. 504, 509 (1984) ("[W]hen the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand[.]"). As the Supreme Court stated in *Mabry*, "'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *Id.* at 509 (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)).

Plea agreements are contractual in nature. In interpreting and enforcing them, courts use traditional principles of contract law. *See Smith v. Stegall*, 385 F.3d 993, 999 (6th Cir. 2004) (citing *United States v. Robison*, 924 F.2d 612, 613 (6th Cir. 1991)).

> One fundamental principle of contract interpretation is that "primary importance should be placed upon the words of the contract. Unless expressed in some way in the writing, the actual intent of the parties is ineffective, except when it can be made the basis for reformation of the writing." 11 Williston on Contracts § 31:4 (4th ed. 2000). Consistent with the principle articulated by Williston, this court has held that the state will be held to the literal terms of the plea agreement.

*Id.* (citing *United States v. Mandell*, 905 F.2d 970, 973 (6th Cir. 1990)). The content of a plea agreement and what the parties agreed to is a question of fact. *United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002). Petitioner has not shown the prosecution breached any promise or agreement. While the parties did mention a minimum guideline sentence at the plea hearing, it is patent the recommendation was for 99 months, whether or not that turned out to be the minimum sentence. Petitioner is not entitled to relief on his habeas claim.

## II. Petitioner's Jurisdictional Challenges

Petitioner claims the Van Buren County Circuit Court did not have subject matter jurisdiction over his case because the felony complaints and warrants did not contain probable cause, the record does not contain sufficient bind over returns from the trial court, and the felony information contained insufficient facts to confer jurisdiction to the trial court. (Pet. ECF No. 1, PageID.36-40.) Petitioner raised the issue for the first time in his motion for relief from judgement. The trial court rejected Petitioner's claim:

Defendant challenges the court's jurisdiction on four grounds.[1] The court recognizes that Defendant does not need to show good cause for failing to raise these issues previously, nor does he need to show actual prejudice. *People v. Carpentier,* 446 Mich, 19, 27; 521 NW2d 195 (1994). Although Defendant is pursuing other relief under MCR 6.501 *et. seq.,* he may also raise jurisdictional issues under that subchapter.

First, Defendant argues that the Felony Complaints and Felony Warrants are "null and void," depriving this court of subject-matter jurisdiction, because the Complaints and Warrants "do not contain any information to support an independent judgment that probable cause existed for the Felony Warrant to be issued." This court has reviewed Defendant's argument, the authority he cites in support, and the Felony Complaints and Felony Warrants. Based on that review, the court finds Defendant's argument regarding the complaints and warrants to be without merit.

Second, Defendant argues that "there was never a Magistrate's Return to Circuit Court filed," depriving this court of subject matter jurisdiction. This court has reviewed Defendant's argument, the authority he cites in support, the files, and the registers of actions. Based on that review, the court finds Defendant's argument regarding the returns to be without merit.

Third, Defendant argues that "the Felony Informations were insufficient to give jurisdiction to the Van Buren County Circuit Court," because "they merely referred to the statutes and gave a less than bare bones description of the offense." The court has reviewed Defendant's argument, the authority he cites in support, and the Felony Informations. Based on that review, the court finds Defendant's argument regarding the informations to be without merit.

(*See* 8/28/2014 Op. & Order 4, ECF No. 6-6, PageID.328.)

This conclusion was eminently reasonable. Moreover, the determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler*, 532 F. 2d 1058,

_____

[1] The fourth ground addressed appears to be the matter of Petitioner's competency, which is addressed in Petitioner's third ground for relief.

1059 (6th Cir. 1976). It is well-settled that a purported violation of state law does not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.*

Furthermore, the state court determined that there were no jurisdictional defects. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle*, 502 U.S. at 68. The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983). The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). Specifically with regard to jurisdictional issues, the Sixth Circuit has stated that "a state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Accordingly, this Court is bound by the state court's determination that jurisdiction over Petitioner was established. This ground for habeas relief is accordingly rejected.

### III.    Petitioner's Competence

In his third ground for habeas relief, Petitioner contends he was denied a fair trial because the "trial court failed to control" the proceedings by allowing Petitioner to plead guilty without first determining whether Petitioner was competent.

A criminal defendant who is incompetent may not be tried. *Godinez v. Moran*, 509 U.S. 389, 396 (1993); *Drope v. Missouri*, 420 U.S. 162, 171 (1975). The test for a defendant's competency to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 411 (1960); *see also Godinez*, 509 U.S. at 396; *United States v. Denkins*, 367 F.3d 537, 547 (6th Cir. 2004) (quoting *United States v. Ford*, 184 F.3d 566, 580 (6th Cir. 1999)). A court's failure to hold a proper hearing where substantial evidence exists of the defendant's incompetency violates the defendant's due process right to a fair trial. *Mackey v. Dutton*, 217 F.3d 399, 411 (6th Cir. 2000). "[T]he standard . . . for requiring competency hearings prior to trial or the entry of a guilty plea is not merely whether extant evidence raises 'doubt' as to the defendant's capacity to stand trial, but rather whether evidence raises a 'bona fide doubt' as to a defendant's competence." *Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004). In reaching its determination regarding competency, a court should consider evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion concerning his competence. *Mackey*, 217 F.3d at 411.

With regard to this issue, the trial court stated:

Defendant agues what appears to be a jurisdictional challenge as it relates to his competency to stand trial. In particular, he asserts he was "denied due process of law when the trial court conducted Petitioner's plea and sentencing proceeding without first establishing that the issue of competency was address and resolved."

MCL 330.2020(1) states that a criminal defendant is presumed competent to stand trial unless "he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational matter." The statute further states that the defendant has the burden of proving incompetence. "[A] criminal defendant's mental condition at the time of trial must be such as to assure that he understands the charges against him and can knowingly assist in his defense. *McSwain, supra* at 692. The standard for competency to plead guilty is the same as that for competency to stand trial. *Godinez v. Morin,* 509 U.S. 389, 396-397; 113 SCt 2680 (1992), *People v. Matheson,* 70 Mich App 172, 179; 245 NW2d 551 (1976).

There is no evidence in the record to prompt any questioning of Defendant's competency. Defendant's appearances before the court did not in any way suggest a need for a competency examination. As well, the unchallenged Presentence Investigation Report provided that Defendant had "no history of mental illness diagnosis." This court finds without merit Defendant's argument regarding competency.

(*See* 8/28/2014 Op. & Order 4, ECF No. 6-6, PageID.328-29.) I agree.

Petitioner has not raised a bona fide doubt concerning his competence and the trial court's resolution of this issue reasonably applied the standard called for by clearly established federal law. Plaintiff claims his incompetency stems from years of drug abuse. Furthermore, at the sentencing hearing, Petitioner's counsel made vague references to "psychiatric and behavioral impulse control issues" and noted that Petitioner had not received the treatment "he needed to get through those problems." (Sentencing Hr'g 2-3, ECF No. 6-3, PageID.278–279.) But Petitioner's counsel did not represent to the trial court that Petitioner was unable to understand or assist in the proceedings or that he could not communicate with counsel. Moreover, no other evidence in the record indicates that Petitioner had demonstrated a lack of understanding or rationality during the course of the pretrial hearings. In addition,

even in his habeas application, Petitioner has never argued that he was unable to understand and assist in the proceedings or to communicate with his attorney. Accordingly, the state trial court's decision constituted a reasonable application of clearly established Supreme Court precedent.

## IV.  Accurate Information at Petitioner's Sentence

In his fourth ground for habeas relief, Petitioner claims his right to due process was violated because he was sentenced under inaccurate information.  Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief)*; Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000)*; Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).  As noted above, it is not the province of a federal habeas court to

re-examine state-law determinations on state-law questions. Petitioner's arguments under state law, therefore, are not reviewable by this Court.

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley v. Harris*, 465 U.S. 37, 50 (1984)); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 447.

Petitioner's sentence is neither arbitrary nor shocking, as it falls within the maximum sentence under state law. *See* Mich. Comp. Laws § 750.110a (authorizing

a maximum sentence of twenty years for first-degree home invasion).  Further, the factual findings of the trial court are entitled to a presumption of correctness that may be overcome only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner*, 449 U.S. at 546.  Despite Petitioner's assertion that his sentence was based on inaccurate information in violation of due process, he utterly fails to identify any inaccurate information.  He does not dispute any fact recited by the trial court, much less demonstrate that it was false by clear and convincing evidence. Instead, Petitioner argues only, as he did in his first ground for habeas relief, that the sentencing agreement reached by the parties contemplated an agreement for a minimum guideline sentence.  As noted above, this assertion is flatly contradicted by the record and falls far short of the sort of egregious circumstances implicating due process.

As regards restitution, the alleged deprivation Petitioner suffered is not remediable on habeas review. The essential purpose of the writ of habeas corpus is to free individuals from wrongful restraints upon their liberty. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Where a habeas petitioner is not claiming the right to be released from custody but is challenging the imposition of a fine or other costs, he may not bring a petition for writ of habeas corpus. *United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995).  Liability under a restitution order is like a fine-only conviction and is not a serious restraint on liberty sufficient to warrant habeas relief. *See Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997); *Tinder v. Paula*, 725 F.2d 801, 805 (1st Cir. 1984); *see also Mullins v. Birkett*, No. 2:09-cv-12515, 2010 WL 764386, at *3 (E.D. Mich. Mar. 4, 2010) (citing *Flores v. Hickman*, 533 F. Supp. 2d 1068, 1085 (C.D. Cal.

2008) (holding that imposition of a restitution order as part of a California state sentence could not be challenged under the habeas statute because restitution did not affect the duration of habeas petitioner's state custody)). Because the appropriate relief for the alleged error would be recovery of any excess restitution paid by Petitioner, not release from custody, a writ of habeas corpus would be inappropriate. *Mullins*, 2010 WL 764386, at *2 (citing *United States v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998); *see also United States v. Gianelli*, 543 F.3d 1178, 1184 n.7 (9th Cir. 2008) (stating that a federal prisoner "cannot present his claim for relief from [a] restitution order as a habeas petition because he is not seeking release from custody, and because review of restitution orders is not properly brought in a habeas petition")).

In sum the state court's findings were wholly reasonable conclusions in light of the recited facts. The state-court's determination therefore was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

## V.    Judicial Bias

Next, Petitioner alleges the judicial officer who presided over his plea and sentencing hearings should have been disqualified on two grounds:  first, because of two media reports of alleged misconduct by the judicial officer; and second, because several motions from Petitioner were never logged in the Register of Actions. Petitioner's claims are meritless.

In its opinion and order denying Petitioner's motion for relief from judgment the trial court (here a different judicial officer) stated:

> [Petitioner] states that the trial court judge "failed to demonstrate that he was unbiased an impartial," and also that he "was engaged in misconduct as evidenced by two exhibits that speak for themselves." One exhibit seems to be a media report from an alleged ex parte conversation between the trial court judge and two local attorneys on a matter completely unrelated to the Defendant's case. The other is a media report of the lawsuit connected to that ex-parte conversation. Defendant provides no explanation as to how these alleged issues relate to his cases.

(*See* 8/28/2014 Op. & Order 7, ECF No. 6-6, PageID.331.) The trial court's rejection of this claim was entirely reasonable.

To the extent that Petitioner complains that the court violated MICH. CT. R. 6.508(E), he fails to state a claim that is cognizable on habeas review. In addition, to the extent that Petitioner intends to raise a constitutional claim, his allegations fall short of demonstrating a violation of the Due Process Clause. "[D]ue process demands that the judge be unbiased." *In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of *actual* bias in the trial of cases." (emphasis added)). In addition, a judge can and should be disqualified for "bias, [ ] a likelihood of bias[,] or [even] an appearance of bias." *See Ungar v. Sarafite*, 376 U.S. 575, 588 (1964); *see also Murchison*, 349 U.S. at 136 ("[O]ur system of law has always endeavored to prevent even the probability of unfairness."); *accord Railey v. Webb*, 540 F.3d 393, 399-400 (6th Cir. 2008); *Anderson v. Sheppard*, 856 F.2d 741, 746 (6th Cir. 1988) (opining that due process "require[s] not only an absence of actual bias, but an absence of even the appearance of judicial bias").

- 25 -

"[M]ost matters relating to judicial disqualification d[o] not rise to a constitutional level," however. *Fed. Trade Comm'n v. Cement Inst.*, 333 U.S. 683, 702 (1948) (citing *Tumey v. Ohio*, 273 U.S. 510, 523 (1927) ("All questions of judicial qualification may not involve constitutional validity."); *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("Of course, most questions concerning a judge's qualifications to hear a case are not constitutional ones, because the Due Process Clause . . . establishes a constitutional floor, not a uniform standard. Instead, these questions are, in most cases, answered by common law, statute, or the professional standards of the bench and bar."). As the Court has reiterated on multiple occasions, "[p]ersonal bias or prejudice 'alone would not be sufficient basis for imposing a constitutional requirement under the Due Process Clause.'" *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 876-77 (2009) (quoting *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 822 (1986)). In only three types of cases has the Supreme Court actually held that something less than actual bias violates constitutional due process: (1) those cases in which the judge "has a direct, personal, substantial pecuniary interest in reaching a [particular] conclusion," *Tumey*, 273 U.S. 523 (subsequently expanded to include even indirect pecuniary interest); (2) certain contempt cases, such as those in which the "judge becomes personally embroiled with the contemnor," *Murchison*, 349 U.S. at 141 (subsequently clarified to involve cases in which the judge suffers a severe personal insult or attack from the contemnor); and (3) when, "based on objective and reasonable perceptions," . . . "a person with a personal stake in a particular case had a significant and disproportionate influence in placing the judge on the case by raising funds or directing

the judge's election campaign when the case was pending or imminent," *Caperton*, 556 U.S. at 884.

Petitioner's claim of judicial bias implicates none of these three concerns. The media reports relied on by Petitioner are completely unrelated to Petitioner and his case. Moreover, Petitioner's mere assertion that the court failed to docket several motions, accompanied only by a signed copy of the purported motions, do not show bias. Petitioner alleges that the judicial officer's alleged actions in an unrelated matter necessarily indicates misconduct was committed in this case. Such an unsupported, conclusory allegation fails to overcome the presumption of judicial integrity. On these facts, Petitioner cannot demonstrate constitutional error, much less that the state court's rejection of his claim was contrary to or an unreasonable application of clearly established Supreme Court precedent.

## VI.  **Prosecutorial Misconduct**

In his next ground for habeas relief, Petitioner claims he was denied due process because the prosecution "sat idly by" while allowing the trial court to preside over his case without subject matter jurisdiction, allowed Petitioner to be sentenced without Petitioner's competence established, allowed Petitioner to be sentenced on inaccurate information, and allowed the trial judge to preside over his case despite the alleged judicial misconduct. The trial court found Petitioner's arguments in this regard were without merit.  (*See* 8/28/2014 Op. & Order 4, ECF No. 6-6, PageID.328.)

Misconduct by a prosecutor can rise to the level of a due process violation. *Lundy v. Campbell*, 888 F.2d 467, 474 (6th Cir. 1989).  However, before habeas corpus

relief becomes available, the misconduct must be so egregious as to deny petitioner a fundamentally fair trial. *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1355 (6th Cir.1993). The habeas court must consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner, whether it was isolated or extensive, and whether the claimed misconduct was deliberate or accidental. *See United States v. Young*, 470 U.S. 1, 11-12 (1985). In addition, the court may view any misconduct in light of the strength of the competent proofs tending to establish guilt. *See Angel v. Overburg*, 682 F.2d 605, 608 (6th Cir. 1982) (*en banc*). "When a petitioner makes a claim of prosecutorial misconduct, 'the touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor.'" *Serra*, 4 F.3d at 1355 (quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982)).

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004) (citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). Indeed, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" *Slagle v. Bagley*, 457 F.3d 501, 516 (6th Cir. 2006) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974)). Thus, in order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in

existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (internal quotation omitted).

As noted above, the issues Petitioner claims the prosecution should have objected to were without merit. Accordingly, Petitioner cannot show that the state court's rejection of this claim was lacking in justification that there was an error beyond any possibility for fairminded disagreement.

## VII.    Ineffective Assistance of Trial Counsel

In his seventh ground for habeas relief, Petitioner claims his trial counsel was ineffective for failing to raise the first five issues of this habeas petition during his plea and sentencing hearings. I disagree.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must

determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 134 S. Ct. 10, 13 (2013); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Harrington*, 562 U.S. at 102).

Counsel's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000). The issues Petitioner claims his counsel should have raised lacked merit; thus, his counsel's failure to raise them was not ineffective assistance.

## VIII. Ineffective Assistance of Appellate Counsel

In his final claim for habeas relief, Petitioner faults his appellate counsel for failing to raise issues II through VII in his direct appeal before the state courts. The trial court also rejected this claim.

An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court recently has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.*

Where a claim lacks merit, appellate counsel is not ineffective in declining to raise the issue on direct appeal. See Moore v. Mitchell, 708 F.3d 760, 776 (6th Cir. Feb. 26, 2013) ("[A] petitioner cannot show that appellate counsel was ineffective for failing to raise a claim on appeal if the underlying claim itself lacks merit."); *Burton v. Renico*, 391 F.3d 764, 781-82 (6th Cir. 2004) (where claim of prosecutorial misconduct lacks

merit, counsel is not ineffective in declining to raise issue on appeal).  The Court has found Petitioner's claims lack merit.  Accordingly, the trial court's rejection of Petitioner's contention that his appellate counsel was ineffective is neither inconsistent with nor contrary to clearly established federal law.  Petitioner has not established entitlement to habeas relief.

## Certificate of Appealability

Should the Court deny the petition, it must determine whether a certificate of appealability should be granted.  28 U.S.C. § 2253(c)(2).  A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  529 U.S. at 484.  "A petitioner satisfies

this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

Examining petitioner's claims under the standard in *Slack*, reasonable jurists would not conclude this Court's assessment of petitioner's claims to be debatable or wrong. Accordingly, I recommend that the Court deny petitioner a certificate of appealability.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied on its merits and that no certificate of appealability issue.

Dated:  May 17, 2017          /s/  Phillip J. Green
                              PHILLIP J. GREEN
                              United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).